And may it please the court. My name is Andrew Greenlee and I'm here on behalf of Christopher Kelley. Your honors, this case turns on whether Mr. Kelley unequivocally requested to represent himself at trial pro se. He did. Mr. Kelley had been trying to obtain substitute counsel for five months. Prior to trial, Mr. Kelley again attempted to obtain substitute counsel. When the judge denied that request, he said, I move to represent myself pro se contingent upon the grant of a continuance. Trial court denied him a continuance and then inquired as to whether Mr. Kelley would still like to proceed pro se. Mr. Kelley never got the chance to answer that question. His girlfriend, who was in the gallery, asked the court, the district court judge, whether she had actually reviewed Mr. Kelley's pro se motion. The court, as it turned out, had not. Mr. Court Judge then went back to chambers, reviewed his pro se submission, and returned to the courtroom, and never continued the aborted Feretta inquiry. Now it's worth mentioning in that pro se submission, Mr. Kelley made an even more unequivocal request to proceed pro se. He said, if this court denies my request to obtain substitute counsel, I would like to proceed pro se. So was that the first time that was presented to the judge? That's correct, that's right. His desire to proceed pro se. But it's worth mentioning that- Was on the morning of trial. That's correct, your honor. Yeah, do you have any case law that says that that late in the game, that the court has to go through all the formalities on that? In other words, trial's set, everybody's ready to go, and the defendant stands up and says, I want to represent myself. Your honor, the case law is clear that a district court judge has discretion to deny that request. Now the flip side of that coin is the district court also would have discretion to grant that request. Our position is that when the district court began the Feretta inquiry, he said, and now I'm not going to grant you a continuance. Do you still wish to proceed pro se? If the court had denied the request as being untimely, then I would probably be up here talking about my second issue. But the district court didn't do that. In fact, it made no findings whatsoever regarding timeliness, regarding the purpose as somehow this being a stalling tactic or some means of manipulation to obtain substitute counsel. The district court made no findings whatsoever. Well, I looked at the transcript, and you're absolutely right. It got kind of interrupted by reading that. But I have to go back to the Corgo Magna Renum. But it appeared clear to me that it was a conditional request. But why is it an abuse of discretion to just have accepted as a conditional request when the court said, well, I'm not going to continue this trial, and figure that was the end of the matter? You're right insofar as his oral motion was conditioned upon the grant of a continuance. If that were all, then the condition would not be fulfilled, and then it could be fair to infer that he wouldn't want to proceed pro se. The problem with the argument is that in his written submission, which was considered afterwards, it wasn't conditioned on the grant of continuance. It was conditioned on the denial of his motion to substitute counsel. But he also submitted that written document before he made the request that was contingent on a continuance. That's right, but it wasn't considered, though. The district court hadn't read it yet. So I think it's fair to assume that that second request, subsequent in time, was conditioned only on the denial of a- Well, but I think the point is, is that no, that was prepared earlier. The most recent one was his oral conditional request. Even if we grant that point, which we don't. But if we assume and work from that premise, even still, the district court denied his request for continuance, and then began the Feretta inquiry, only to never take it up again afterwards, after reading the subsequent request. And we feel that, at the very least, if you go down that path, you should continue to its logical conclusion. You should decide whether or not the defendant is serious about that. It's also worth mentioning that his attorney had offered to serve as standby counsel. In fact, the client and the attorney had discussed that option. It's not out of the realm of possibility that the judge would have allowed the case to proceed, allowed Mr. Kelly to proceed pro se with Mr. Stabenow as standby counsel. And in the absence of any sort of findings with respect to whether he was voluntary and knowingly waiving his right to counsel, our position is really twofold. First, that it violates his own autonomy, and it's a sort of paternalistic to argue that, well, he couldn't have really meant it. He meant it. He was trying to fire his attorney for five months. He had every right to say, look, I'll go to trial, but not with this guy. This was an attorney who he felt was foisted upon him. You think there's a chance that the district court just overlooked that one portion of the remedies requested in the motion? And the motion is not to go pro se. The motion is to replace court-appointed attorney for ineffective assistance of counsel. And if you look at the way she responded to it, she just, she says, I deny your motion. I deny the request for new counsel. Let's proceed with trial. Do you think that's a possibility? I do. Honestly, if I had to, I know you don't wager on things as serious. But if I had to bet on it, I think that the whole thing was inadvertent. She sort of lost track of the Ferretti issue. She probably, maybe she reviewed that remedies requested portion, maybe she didn't. I do think that, in fact, this was a mistake of inadvertence and not necessarily an intentional deprivation of his right to counsel. That affect how we review it? I don't think so. I think if he has made an unequivocal request. Well, your argument would be that there was no discretion exercised, therefore could, that we can't say there was no abuse of discretion, because your argument essentially is she never exercised her discretion. Because she didn't address it, didn't realize it was there. I'll take it, Your Honor. Look, my bigger point is that he just didn't want to go to trial with this attorney. He had been trying to fire this attorney for five months. He put it before the court unequivocally. He said, I want to go it alone, to go pro se. And the court just never conducted the Ferretti inquiry. We feel that that's required by law. And at the very least, if you're going to deprive someone of that right, the court should make findings. So that's our backup submission, is that the failure to make findings on this point. When you do, it's worth noting that this is a structural error that we're talking about. So a district court, if they're going to deprive someone of the right to counsel, at the very least, they should make express findings on the record as to why they're denying the right to counsel. But counsel, why wouldn't it be appropriate to interpret Kelly's pro se request as equivocal? When he says, if you are going to have me with this lawyer, then it's as if he's not definitively declaring, in an unequivocal manner, as Ferretti says, that he wants to go it alone. Well, I think that there's a distinction to be drawn here between an if-then statement, where if ex-occurrence happens, then I will go it alone. I mean, if that's the case, there's nothing equivocal about that. That's a conditional request. That's not equivocation at all. When they talk about, if you read the cases about equivocation, it's, maybe I'll go it alone, or I'm not that serious about going it alone, but I really want a replacement counsel, or there's been some repudiation of a request by a subsequent motion to substitute counsel. None of these are present here. Those factors are not at all present. It's simply, if you deny my request to substitute counsel, then I want to go it alone and represent myself. If the court has no further questions at this time, I'd like to reserve the rest of my time. Thank you. Okay. Thank you, Mr. Greenlee. Good morning, Mr. Lynn. Good morning, your honors. Counsel, shouldn't we at least, perhaps shouldn't we at least send this back to have the district court tell us why the pro se motion or requested to go pro se was denied and see what the rationale is to evaluate? No, your honors, because I think it's very clear from the record that this request to proceed pro se simply wasn't constitutionally sufficient to invoke the right. The law provides that the courts must indulge every reasonable presumption against waiver, and in this case, his request simply wasn't constitutionally deficient. As alluded to by the court earlier, in the first place, it wasn't a timely request. The first time this request was made was the morning of trial, minutes before voir dire was to commence. Does it matter that he's been trying to get different counsel and unsuccessfully? No, I don't think that matters. I think we would all agree that Mr. Kelly was a difficult client. I mean, he was a difficult defendant. We see that from time to time. We see these individuals who aren't going to be satisfied no matter who represents them, no matter what the situation. So I think that does present a challenge for judges to deal with, because they kind of have to walk the tightrope between balancing the interests of the defendant versus effective administration of the justice. I think in this case, the judge did a very good job of balancing those interests and protecting Mr. Kelly's rights. Again, yes. You mentioned, excuse me, that you thought it was not a timely request. Well, if we accept that, aren't we then making the factual findings that the district court should be making? I think the district court did indicate that she was concerned about the timeliness of the request. Where is that in the bill? Well, Mr. Kelly, in his request to represent himself, made it contingent upon a continuance. And at that point, she had indicated this matter's been continued a number of times. I'm not inclined to grant another continuance. I think that indicates that she had some concerns as to the timeliness of the request. Additionally, I think the request was equivocal. Again, first of all, it was contingent upon granting a continuance of the case. The case had been continued a number of times. The case was ready to go to trial. We were ready to pick a jury. Mr. Kelly's first request was for appointment of new counsel. And when that was denied, then was the first time that he presented this request to proceed pro se. And contemporaneously with that request, he presented a written memorandum, which has been alluded to by counsel. And that memo, I think it was 11 pages long, single spaced, complete with legal citations, it declared as follows. I am ignorant of the laws of the courts and court rules and the court procedure. The paragraph then continued. If the court expects me to either represent myself or accept inadequate counsel, it would be a denial of due process. He then cited several cases wherein defendants had been allowed to represent themselves at trial. Those cases were reversed or habeas relief was granted. Further, in his request for relief, Mr. Kelly asserted. First, if the court allows, counsel will withdraw and the court will appoint new counsel and grant a continuance. So his request, his remedy requested in his written submission was to represent himself contingent upon a continuance. Secondly, he said, if the court denies substitution, I move for the court to allow me to represent myself with the understanding that I am forced to exercise a choice between incompetent or unprepared counsel and appearing pro se. Now, the judge had read that memorandum, and not surprisingly, when she's put into a box by this, he's telling her, I'm being denied my due process rights because you won't appoint new counsel. If you deny that request, you are forcing me, you're compelling me to represent myself. That's not a voluntary request, that's not a voluntary waiver of the right to counsel. And if you make me represent myself at trial, you are denying me my due process rights. That was the declaration that he was making to the court in the written submission. And not surprisingly, when she got back to the court, she had read this memorandum. She said, I've read your request for relief, and I'm denying your request. So I think it's pretty clear the basis for her denial in this case. She had read that memorandum. He was telling her, look, if you don't appoint counsel, you're denying me due process and you're forcing me. To represent myself, and if you make me represent myself, you're thereby denying me my due process rights. So in United States versus Edelman, this court stated that trial courts must be allowed to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel. And it's pretty clear in this case that Mr. Kelly really didn't want to represent himself. What he wanted to do was, he had been trying to attain new counsel. This was a means for him to do that, and a means for him to get the case continued so he could get a new attorney, so that's basically our position. You think that there is a chance that the district court just overlooked that second remedy requested when reviewing the motion that was entitled request for new counsel? Well, that would be speculative to some extent. I mean, my memory was she took the memo back in chamber. She was back there. I'm confident she had an adequate opportunity to review that. She doesn't mention that in her order when she comes back into court, right? She doesn't mention it. I think that's all I have. Okay, thank you. Thank you, Mr. Linton. Mr. Greenlee, I think you have about a minute. Your Honor, I'd just like to make one point. When somebody asks to go pro se, we should take them at their word. This whole concept that he was somehow playing games or manipulating the system in some way is blind by the fact that he, for five months, was trying to fire this guy. All he wanted was to jettison this attorney and to go to- I think that's the point about whether it was unequivocal, voluntary. I mean, if you read his letter, you read the colloquy that goes on. It doesn't sound voluntary or unequivocal. He said, I want a new attorney, but if you have to, you're forcing me to do it myself. How is that voluntary and unequivocal? Well, basically it's compelled. He says, if you deny me my, first of all, in his oral submission, he says, I move to represent myself pro se, contingent upon a grant of a continuance. Now that's contingent, but having said that, there's nothing equivocal about that. He wants to, if he's going to be forced to have this attorney represent him, he would rather do it himself. Now he wanted time to prepare. In his written submission, equally unequivocal. He said, if you deny my motion for substitution of counsel, then I want to proceed pro se. Now granted, he expressed his dissatisfaction with the fact that he would be either forced, from his perspective, it was a Hobson's choice. I have to proceed pro se, or, which is undesirable, or I have to proceed with an attorney who he viewed was untrustworthy and incompetent. And finally, one final point, I see my time is up, but I just want to make a point that every single time a person requests to go pro se, it's because he doesn't like his attorney. If that were enough, then virtually every Ferretta inquiry would be obviated by the fact that somebody doesn't like their attorney. Nobody who is thrilled with their attorney wants to go pro se. And with that, your honors, I'd rest. Thank you. Thank you very much. Thank you both for your arguments, and both the briefs and the oral arguments. And we will take it under advisement, and we'll now be in